

**U.S. BANKRUPTCY COURT**
**NORTHERN DISTRICT OF TEXAS**

**ENTERED**
**TAWANA C. MARSHALL, CLERK**
**THE DATE OF ENTRY IS**
**ON THE COURT'S DOCKET**

**The following constitutes the ruling of the court and has the force and effect therein described.**

Signed May 15, 2008          **United States Bankruptcy Judge**

---

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| In re: | § | |
| | § | |
| FORT WORTH OSTEOPATHIC | § | |
| HOSPITAL D/B/A OSTEOPATHIC | § | |
| MEDICAL CENTER OF TEXAS | § | Case No. 05-41513-DML-7 |
| | § | (Chapter 7) |
| and | § | |
| | § | |
| HEALTH CARE OF TEXAS, INC. | § | |
| D/B/A OSTEOPATHIC HEALTH | § | |
| SYSTEM OF TEXAS, | § | |
| | § | |
| Debtors. | § | |
| | § | |
| SHAWN K. BROWN, | § | |
| CHAPTER 7 TRUSTEE, | § | |
| | § | |
| Plaintiff, | § | |
| | § | Adversary No. 07-04015-DML |
| v. | § | |
| | § | |
| ROBERT C. ADAMS, D.O., ET AL., | § | |
| | § | |
| Defendants. | § | |

MEMORANDUM ORDER – PAGE 1

**MEMORANDUM ORDER**

Before the court are the Motion to Compel Production of Documents by the Trustee (the "D & O Motion") filed by certain officer and director defendants (the "D & O Defendants") in the above-styled adversary proceeding and Cantey & Hanger, L.L.P.'s and Morton L. Herman's Second Motion to Compel the Production of Documents Responsive to Their First Request for Production to Trustee (the "Herman Motion" and, together with the D & O Motion, the "Motions") filed by Morton Herman and Cantey & Hanger, LLP (collectively "Herman" and, together with the D & O Defendants, "Movants"). By the Motions, Movants ask that Shawn Brown, plaintiff in this adversary proceeding and Trustee for the captioned debtors (the "Trustee"), be directed to produce in discovery certain documents which he claims are protected by attorney-client or work-product privilege. Each of Herman, the D & O Defendants and the Trustee have filed briefs with the court, and, on May 13, 2008, the court conducted a hearing (the "Hearing") at which the parties presented oral argument. At the Hearing the Trustee testified, and the parties offered exhibits. Also at the Hearing, counsel for MBIA Insurance Corporation ("MBIA") entered an appearance.

This matter is subject to the court's jurisdiction pursuant to 28 U.S.C. §§ 1334(b) and 157(c). This memorandum order embodies the court's findings of fact and conclusions of law. FED. R. BANKR. P. 7052.

**Discussion**

This adversary proceeding is based on the contention that certain persons, including the D & O Defendants and Herman, breached duties to Debtors or engaged in other conduct detrimental to Debtors so entitling the Trustee to recover damages. The

Attorney General of Texas (the "AG") asserts claims based on the same or similar theories against some or all of the same persons.

At the time Debtors' bankruptcy cases were commenced, the Trustee also believed that MBIA would assert similar claims against some or all of the same persons. The Trustee therefore engaged in strategy discussions with the AG and counsel for MBIA, and, to some extent, the Trustee, the AG and MBIA coordinated their investigation of possible causes of action against, *inter alia*, the D & O Defendants and Herman. The Trustee contemplated that he, the AG and MBIA might jointly prosecute their claims, but no agreement was ever reached among the three, and this adversary proceeding was commenced by the Trustee alone.

The documents sought by Movants in the Motions were generated during the time the Trustee, the AG and MBIA were contemplating a joint effort.[1] The Trustee asserts he transmitted the documents at issue to counsel for MBIA as part of that joint effort.[2] Therefore, the Trustee argues, they were shared pursuant to a joint prosecution agreement and so retain their privileged character notwithstanding being provided to a third party, MBIA. Alternatively, the Trustee argues the documents are protected by a common interest privilege. The D & O Defendants take the position that, whatever privilege may have once been assertable by the Trustee, disclosure of the documents to MBIA waived such privilege.

The parties disagree vehemently about the extent, availability, required predicate and even the existence of either a privilege in a joint prosecution situation or a common

---

[1] The D & O Defendants and Herman dispute with the Trustee what time period this was. In light of the court's disposition of the Motions, there is no need to address this issue.

[2] It appears that there are no documents at issue that were shared by the Trustee with the AG (or only the AG).

interest privilege. The court, however, need not address most of the issues discussed by the parties. The law is clear that, in order to retain the protection of the attorney-client or work product privilege when sharing documents with another party, there must at least be an agreement among the parties. *See In re Teleglobe Commc'ns Corp.*, 493 F.3d 345, 363 (3d 2007); *Ferko v. NASCAR*, 219 F.R.D. 403, 406 (E.D. Tex. 2003); *For Your Ease Only, Inc. v. Calgon Carbon Corp.*, No. 02C7345, 2003 WL 21920244, *2 (N.D. Ill. Aug. 12, 2003). Whether the parties must, in fact, agree to a joint prosecution and pursue that end, certainly at a bare minimum there must be a meeting of the minds that documents subject to attorney-client or work product privilege are being shared in the expectation that the privilege is not being waived by the sharing and that each party will protect the documents from disclosure or loss of the privilege.[3] *See Ken's Foods, Inc. v. Ken's Steak House, Inc.*, 213 F.R.D. 89, 94 (D. Mass. 2002) ("[P]arties seeking to invoke the exception must establish that they agreed . . . to keep the shared information confidential from outsiders.").

In the case at bar, the Trustee testified that he never sought such an agreement or understanding with MBIA or the AG. There is nothing in the record to indicate that MBIA or the AG believed there was an obligation to protect any privilege the Trustee might assert or to maintain the confidentiality of the documents at issue. Indeed, without contest, Movants informed the court that MBIA has indicated it does not claim that documents exchanged with the Trustee are subject to any privilege. MBIA made no effort during the Hearing to disabuse the court or Movants of this, and the court therefore accepts it as fact.

---

[3] The court expressly does not determine whether or not such an agreement standing alone would be sufficient to preserve the privilege.

MEMORANDUM ORDER – PAGE 4

Thus, presumably MBIA (and, perhaps, the AG) did not believe the documents at issue to be subject to any privilege. There is no evidence before the court showing how MBIA handled the documents, and, in fact, it may have freely disclosed the documents to others, so waiving the privilege. Certainly in the absence of any evidence to the contrary, given MBIA's appearance at the Hearing, the court cannot find that the confidentiality of the documents has been safeguarded.

On these facts, there is no basis for finding that the documents at issue are subject to the attorney-client or work product privilege. Accordingly, the D & O Motion and the Herman Motion must be granted.

It is so ORDERED.

# # # END OF MEMORANDUM ORDER # # #